United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 04-41343

LENHART MATULA and JOSEPH McCREARY,

Plaintiffs-Appellants,

VERSUS

LOWER COLORADO RIVER AUTHORITY and
JOSEPH BEAL, IN HIS OFFICIAL CAPACITY,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

(6:03-CV-12)

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants Lenhart Matula and Joseph McCreary filed suit in federal court against Appellees Lower Colorado River Authority ("LCRA") and Joseph Beal, in his official capacity as general manager of LCRA (together, "Appellees"). Appellants alleged age discrimination, discrimination on the basis of veteran status, retaliation, and hostile work environment, arising under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE § 21.001

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*et seq.;* the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.;* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.;* the Texas Veteran's Employment Preference Act ("TVEPA"), TEX. GOV'T CODE § 657.003; and the Veteran's Employment Emphasis Under Federal Contracts Act, also referred to as the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRA"), 38 U.S.C. § 4212.

The district court granted LCRA's motion to dismiss the TVEPA claim on the grounds that injunctive relief was not permitted under Texas law and that LCRA was not a "public entity" under the Act. The court dismissed the VEVRA claims because the statute does not provide a private cause of action and instead permits only administrative remedies through the Department of Labor. The court granted LCRA's motion to dismiss the TCHRA claims for failure to exhaust administrative remedies.

The court then, in two separate orders, granted LCRA's motion for partial summary judgment, as to each Plaintiff's individual claims arising under Title VII and the ADEA. The court entered judgment for LCRA on the Title VII and ADEA claims, and Appellants appealed. Appellants argue the district court erred both in the dismissal and in the grant of summary judgment to LCRA.

This Court reviews *de novo* the district court's dismissal of Appellants' claims under Rule 12(b)(6). *See Calhoun v. Hargrove,* 312 F.3d 730,733 (5th Cir. 2002). "A court may dismiss a complaint

2

only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also* FED. R. CIV. P. 12(b)(6). We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 635 (5th Cir. 2002); *see also* FED. R. CIV. P. 56(c).

After thorough review of the briefs, the oral arguments of the parties, and review of relevant portions of the record, we AFFIRM the district court's dismissal of Appellants' state and federal veteran claims and the claims arising under the TCHRA and the district court's grant of summary judgment to LCRA on Appellants' Title VII and ADEA claims essentially for the reasons articulated in the three memorandum opinions and orders filed September 30, 2004.

**AFFIRMED**.